Shelly Anne HUDSON, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 10–55561.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2011.

Filed Dec. 7, 2011.

Sean B. Cronin, Esquire, Cronin & Maxwell, PL, Bryan Scott Gowdy, Mills Creed & Gowdy, P.A., Jacksonville, FL, Brian J. Lawlor, San Diego, CA, for Plaintiff–Appellant.

Steven J. Poliakoff, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, District Judge.*

MEMORANDUM **

Plaintiff–Appellant Shelly Anne Hudson appeals the district court's dismissal of her Federal Tort Claims Act ("FTCA") claim pursuant to *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

* The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

The district court held that Hudson's FTCA claims were incident to her active military service and were, therefore, barred by the *Feres* doctrine. We appreciate Hudson's counsel's acknowledgment that *Feres* is binding upon this Court. Hudson seeks to overturn *Feres* in the United States Supreme Court.

We review a dismissal pursuant to the *Feres* doctrine *de novo*. *Jackson v. Tate*, 648 F.3d 729, 732 (9th Cir.2011). When a service member's injury is incident to military service, the service member lacks standing to pursue an FTCA claim. *Id.* at 733. Hudson was an active duty service member of the United States Navy during the events giving rise to the controversy. The *Feres* Doctrine, therefore, bars Hudson's FTCA claim. *See, e.g., Atkinson v. United States*, 825 F.2d 202, 203–06 (9th Cir.1987), *cert. denied*, 485 U.S. 987, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988) (barring servicewoman's medical malpractice claim alleging military hospital's negligence caused her child to be stillborn).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.